**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**ROMERO LEON SELVIN,**

**Plaintiff,**

**v.**

**NICOLE HARGRAVES, et al.,**

**Defendants.**

**Civil Action No. MJM-24-0221**

# MEMORANDUM

Plaintiff Romero Leon Selvin filed an Amended Complaint alleging that Defendants violated his civil rights by failing to provide timely and adequate medical care at Jessup Correctional Institution ("JCI"). ECF No. 5. The Amended Complaint attaches several exhibits, including medical records. ECF Nos. 5-1 through 5-7. The Court determined that Selvin's claims may proceed against Defendants Nicole Hargraves[1]; Kaddie Kallon, NP; Sabastine Offorji, RN; and T. Lee. ECF No. 8. Counsel for YesCare entered an appearance for Defendants Hargraves and Offorji, and represented that she was unable to accept service for Defendants Kallon and Lee. ECF No. 9. Counsel states, upon information and belief, Kallon is not a YesCare employee but is a subcontractor through Bethel Health Services, and YesCare is unable to identify Lee. *Id.*

Defendants Hargraves and Offorji filed a Motion to Dismiss or, Alternatively, for Summary Judgment (the "Motion") on August 7, 2024. ECF No. 13. The Motion attaches several exhibits, including declarations of Hargraves and Offorji and various medical records. ECF Nos.

[1] Plaintiff listed this Defendant's name as Nicole Hargrave, but the Notice of Appearance and Declaration for this Defendant, ECF Nos. 9, 13-5, spells her last name as "Hargraves." The Clerk will be directed to revise the docket to reflect the correct spelling of this Defendant's as Nicole Hargraves. The correct spelling will be used in this memorandum.

13-2, 13-3, 13-4, 13-5. Selvin opposes the motion. ECF No. 17. Hargrave and Offorji filed a reply. ECF No. 18. A hearing is not necessary to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2023). For the following reasons, the Court will deny the motion without prejudice.

## I. BACKGROUND

### A. Selvin's Allegations

On or about June 27, 2023, while incarcerated at JCI, Selvin fell from his bunk bed and was injured. ECF No. 5 at 4. On or about June 29, 2023, Selvin was seen by medical staff due to extreme pain in his left rib area. *Id.* at 2. He was prescribed two pain medications, by injection, for three days, twice per day, and an x-ray was ordered. *Id.* On July 16, 2023, Selvin was sent to the medical department complaining of the same pain in his left rib area. *Id.* He received a brief examination, with no treatment, and was told to return to his housing unit. *Id.* In under one hour, he was escorted back to the medical department, was seen again, and sent back to his housing unit. *Id.*

On July 23, 2023, Selvin went to sick call with extreme pain and his x-ray was reviewed by Defendant Kallon. *Id.* Kallon reported to Selvin that the x-ray was "negative for abnormality, no apparent distress observed at this time," and Selvin was sent back to his cell in pain. *Id.*

On August 4, 2023, Selvin reported to an employee in the dietary department that he was "in great distress, extreme pain, and vomiting food and blood," and the employee escorted Selvin to the medical department. *Id.* A nurse reviewed Selvin's medical file as well as an x-ray that had been taken on July 6, 2023. *Id.* at 2. Selvin then learned that "medical personnel was aware" of multiple fractures to Selvin's ribs 9 and 10 and had failed to relay this information to him on multiple prior visits to the medical department. *Id.* at 2. Selvin was then transported to an outside hospital, seen by a physician, and advised that he had fractures of ribs 9, 10, and 11. *Id.* at 3.

Selvin was further told that there was "nothing they (hospital) could do, due to the length of time that has elapsed," and advised that the delay in treatment put him at risk of contracting pneumonia. *Id.* Selvin was prescribed pain medication, and a spirometer to breathe into to aerate his lungs and prevent pneumonia. *Id.*

Selvin states that Defendant Hargraves continually denied requests by medical staff to send him to the hospital for further evaluation, even when he submitted numerous sick call slips detailing his medical needs. *Id.* Defendant Kallon lied when she reported that Selvin's x-ray results were negative, and she failed to provide basic medical care on at least two occasions. *Id.* Defendant Offorji ignored Selvin's pleas for medical assistance and simply told him to return to his cell. *Id.* at 4. Defendant Lee provided Selvin with a physical copy of his x-ray results and claimed there was nothing wrong with his ribs, misdiagnosed him, and then prescribed only muscle rub. *Id.* Selvin seeks monetary damages. *Id.* at 4–5.

**B. RN Sabastine Offorji's Declaration**

Defendant Offorji is employed as a Registered Nurse ("RN") at JCI. ECF No. 13-2 at ¶ 2. Offorji states that he remembers seeing Selvin on July 16, 2023. *Id.* at ¶ 5. On that date, Selvin walked into the dispensary at 6:35 p.m. for an unscheduled visit and stated he had persistent pain on his left side. *Id.*; ECF No. 13-3 at 24–25. Selvin had a history of "acute pain to his left rib cage." ECF No.13-2 at ¶ 5. Selvin requested the results of "some x-rays done a few days ago." *Id.* Offorji sent Selvin to the Physician's Assistant ("PA") to have the x-ray results explained to him. *Id.* Selvin was already prescribed pain medication and did not ask for additional medications. *Id.*

Selvin returned that night at 7:13 p.m. and told Offorji that the PA had reviewed the x-rays with him and had recommended muscle rub. *Id.* at ¶ 6; ECF No. 13-3 at 22–23. Offorji recalls

the PA coming to his workstation and giving a verbal order for the muscle rub. ECF No. 13-2 at ¶ 6. Offorji then gave Selvin the muscle rub, and Selvin returned to his cell in "stable condition." ECF No. 13-2 at ¶ 6; ECF No. 13-3 at 23. Offorji states that he had no other involvement in Selvin's care. ECF No. 13-3 at ¶ 6.

**C. Nicole Hargraves's Declaration**

Nicole Hargraves is a Certified Correctional Health Professional ("CCHP") and was the Health Services Administrator at JCI prior to November 13, 2023. ECF No. 13-5 at ¶ 2. Hargraves is "not a medical provider" and does "not dictate medical care for any patient." *Id.* at ¶ 4. "[O]nsite providers" decide whether patients should be sent to the hospital, and Hargraves has no role in that determination. *Id.* No staff member asked Hargraves for permission to send Selvin to the hospital because her permission is not needed. *Id.*

**D. Medical Records**

Selvin was seen on June 28, 2023, by RN Clarice Malla for an unscheduled sick call, stating he fell the prior day, hit his left side rib, and "can barely move around." ECF No. 13-4 at 1. RN Malla noted that Selvin had even respiration that was "non-labored," but that Selvin "can barely stand upright." *Id.* at 2. Selvin rated his pain as 8 out of 10. *Id.* Ice was applied, ibuprofen was provided, and Selvin was referred to a "provider." *Id.*

Selvin was seen on June 29, 2023, by RN Malla and Certified Registered Nurse Practitioner Clarice Aryiku for an unscheduled visit, stating that he was continuing to experience pain from his fall and he "can barely move around." ECF No. 13-3 at 34–38. The record notes that he was seen the prior day for the same reason and is reporting worsening pain. *Id.* at 35. He was prescribed Toradol 30 mg IM (intramuscular injection) for pain for three days, told to apply ice packs to the injury, return for an x-ray on July 4, 2023, avoid heavy lifting, and was excused from work until

July 5, 2023. *Id.* at 30, 35; ECF No. 13-4 at 4. An x-ray was ordered for "Chest 2 Views Front & [sic]." ECF 13-3 at 35. The x-ray order does not state it is to include an x-ray of the ribs. *Id.*

Selvin received his scheduled Toradol injections on June 30, 2023 and on July 1, 2023. ECF No. 13-3 at 26–29. An x-ray report dated July 6, 2023, (electronically signed July 7, 2023) states that Selvin had a two-view chest x-ray and there was "[n]o radiographic evidence of acute cardiopulmonary disease." ECF No. 13-4 at 10.

Selvin was next seen by RN Offorji on July 16, 2023, at 6:35 p.m. for an unscheduled sick visit. ECF 13-3 at 24-25. He complained of left rib cage pain, and Offorji referred Selvin "to a provider for clarifications on his x-ray results." *Id.* at 25. Selvin returned to see RN Offorji at 7:13 p.m. and reported that the PA recommended a muscle rub after looking at the x-rays, and Offorji provided the muscle rub. *Id.* at 22–23.

Selvin requested sick call the next day, July 17, 2023, stating that he wanted to see a provider to review the x-rays taken of his ribs on the left side. ECF No. 5-2 at 3. He was next seen on July 23, 2023, by Nurse Practitioner ("NP") Kallon for a scheduled provider visit. ECF No. 13-3 at 19–21. Kallon reviewed the left rib cage x-ray with Selvin, reported that the x-ray was negative for abnormality, and "[n]o apparent distress observed at this time." *Id.* at 19. Selvin was told to return to the medical department if symptoms persist or worsen. *Id.*

On July 27, 2023, Selvin requested sick call to obtain a copy of the x-ray results from his medical record. ECF No. 5-2 at 4. Selvin was seen on July 27, 2023, by RN Claire Namusuubo. ECF No. 13-3 at 17–18. The entry on this date states that Selvin asked to see a provider to review the results of the x-ray "recently taken" on his ribs. *Id.* at 17. He reported that he still had pain in his ribs. *Id.* at 18. The record references the July 23, 2023 review of the x-rays by the provider, who advised Selvin to return to medical in seven days if symptoms persisted. *Id.* Selvin was

"educated" to count seven days from July 23, 2023, before again returning to medical. *Id.* at 18. The next day, July 28, 2023, Selvin was provided with two pages of x-ray results by provider "Lee T." ECF No. 5-2 at 4.

Selvin was next seen on August 4, 2023, for an unscheduled visit by NP C. Okonkwo. ECF No. 13-3 at 10–16. Selvin presented with left side rib pain and reported he was vomiting blood, described as dark in color, every day for the last two weeks, and had throbbing pain to his left rib cage and intermittent dizziness. *Id.* at 10. He was noted to have dyspnea (shortness of breath) when walking. *Id.* at 14. The record on this date references for the first time an x-ray report generated on July 11, 2023, noting that Selvin has non-displaced fractures of ribs 9 and 10. *Id.* at 10. In consultation with Dr. Temesgen, it was determined that Selvin should be transported to BWMC (Baltimore Washington Medical Center) for further evaluation. *Id.* at 13.

An x-ray of Selvin's chest and left ribs were taken at the BWMC Emergency Room. ECF No. 13-4 at 5–9. The x-ray report dated August 4, 2023, notes Selvin's diagnosis as "[a]cute mildly displaced fractures of the lateral left 9th, 10th, and 11th ribs," and "no pneumothorax." ECF No. *Id.* at 5. Selvin was discharged with instructions to take ibuprofen and acetaminophen and to use an incentive spirometer to aerate his lungs adequately to prevent pneumonia. *Id.*

On August 5, 2023, Selvin was released back to the prison and refused overnight admission to the infirmary. ECF No. 13-3 at 6. Selvin returned to the medical department later that day, was given medications, and was instructed to use the incentive spirometer, and a back brace was ordered. *Id.* at 2–5.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Defendants move to dismiss the Amended Complaint for failure to state a claim or alternatively for summary judgment. ECF No. 13. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal for "failure to state a claim upon which relief can be granted . . . ." To survive the challenge, the non-moving party must have pleaded facts demonstrating "a claim to relief that is plausible on its face." *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations in the complaint, accepted as true, must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations in the pleading as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and arguments made in the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)); Fed. R. Evid. 201(b).

**B. Motion for Summary Judgment**

When the parties present, and the Court considers, matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, the Court notified Selvin that he had the right to respond to Defendants' Motion, that the Motion could be construed as one for summary judgment, and that if Selvin did not file a timely and adequate written response, the Court could dismiss the case or enter judgment against him without providing him another opportunity to respond. ECF No. 14. Additionally, the Motion identifies summary judgment as potential relief and therefore provided sufficient notice for Selvin to present relevant evidence in support of his position. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Selvin has filed a response in opposition to the Motion. ECF No. 17. Thus, the Court is satisfied that Selvin has been advised that the Motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the Motion.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 252. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party," then summary judgment is appropriate. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

**III. DISCUSSION**

**A. Service of Amended Complaint**

As an initial matter, the Court addresses service issues pertaining to Defendants Kallon and Lee.

Regarding Kallon, YesCare counsel has advised the Court that Kallon is an employee of YesCare's subcontractor Bethel Health, and, for this reason, YesCare counsel cannot accept service for Kallon. ECF No. 9 at 1. As discussed below, pro bono counsel will be appointed for Selvin and will assist with effectuating service on Kallon, as needed.

Regarding Lee, counsel states that YesCare "has no record of a provider named 'T. Lee' and is unable to identify this individual." *Id.* Yet, Selvin has provided a copy of a medical record, clearly signed by "Lee T" identified as "Healthcare Personnel." ECF No. 5-2 at 4. Selvin also alleges that it was Lee who prescribed muscle rub. ECF No. 5 at 4. The medical record references an unidentified provider who on July 16, 2023, verbally prescribed muscle rub, which Defendant Offorji then provided to Selvin. ECF No. 13-3 at 22–23. Counsel's statement that they have "no

record" of this provider is insufficient in light of the medical records. The Court will direct YesCare counsel to make further efforts to identify "T. Lee," or "Lee T."[2]

**B. Defendants' Motion**

The crux of Selvin's Amended Complaint is that Defendants failed to timely diagnose and treat multiple rib fractures, which caused him serious pain and put him at risk of contracting pneumonia. Defendants Hargraves and Offorji assert that they are entitled to dismissal of the Amended Complaint pursuant to Rule 12(b)(6) or, in the alternative, to summary judgment pursuant to Rule 56, because (1) Selvin failed to state a claim against the Defendants and, alternatively, (2) Selvin presented "no evidence" that Defendants were deliberately indifferent to his medical needs. ECF No. 13-1 at 8–10.

Selvin's claim is assessed under the Eighth Amendment. The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *See* U.S. Const. amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To sustain a claim for denial of medical care under the Eighth Amendment, a plaintiff must show that the defendant's acts or omissions were done with deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). Here, Defendants Hargraves and Offorji acknowledge that Selvin's fractured ribs were a serious medical need. ECF No. 13-1 at 8.

After a serious medical need is established, a successful Eighth Amendment claim requires proof that the defendant was subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of

[2] It is not clear to the Court whether Lee is the first or last name of this individual. Counsel should try to identify this Defendant using both names.

that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). Indeed, "[a]ctual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (citation omitted). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through other evidence that tends to establish the defendant knew about the problem. *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016). A prison official's knowledge of a substantial risk may be established "from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

1. Motion to Dismiss

Defendants Hargraves and Offorji argue that Selvin failed to state a claim upon which relief may be granted. They contend that, although Selvin has adequately alleged that he had a serious medical need, he did not assert that Offorji and Hargraves were deliberately indifferent to that need. ECF No. 13-1 at 8.

The Court screened the initial complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and provided Selvin with an opportunity to file an amended complaint. ECF No. 4. Selvin filed an Amended Complaint with attachments that the Court reviewed and found to state a claim for relief that may proceed against Defendants Offorji and Hargraves. ECF Nos. 5, 8.

Defendants Offorji and Hargreaves concede that Selvin asserts a serious medical need in the Amended Complaint. Selvin further alleges that Defendant Hargraves continually denied requests by medical staff to send him to the hospital for further evaluation even when he submitted numerous sick call slips detailing his medical needs. ECF No. 5 at 3. Selvin also alleges that Defendant Offorji ignored his pleas for medical assistance and simply told him to return to his cell.

*Id*. at 4. Selvin also provided documents with his Amended Complaint that support his claims. ECF Nos. 5-2 through 5-7. Construing Selvin's pro se pleading liberally, the Court finds that he adequately states an Eighth Amendment claim for relief against Offorji and Hargraves under 42 U.S.C. § 1983.[3] The Motion to Dismiss will be denied.

2. Motion for Summary Judgment

Defendants Hargraves and Offorji argue that Selvin presented "no evidence" that Defendants were deliberately indifferent to his medical needs. ECF No. 13-1 at 9–10. This argument is assessed under a summary judgment standard and in consideration of the documents attached to motions papers. *See* ECF Nos. 13-2 through 13-5. However, because the medical records attached to the Motion are incomplete and, at times, confusing, the Court cannot conclude that there are no material facts in dispute. Selvin's response to the Motion and Defendants' reply do not resolve the factual inconsistencies in the medical records. The Motion will be denied without prejudice for the reasons discussed below.

The most the Court can discern is that on June 29, 2023—two days after his fall, and on his second visit to the medical department—a chest x-ray of Selvin's ribs was ordered. ECF No. 13-3 at 35. The x-ray was scheduled for July 4, 2023. ECF No. 13-4 at 4. The record contains an x-ray report dated July 6, 2023, indicating that an x-ray of Selvin's chest was taken and the x-ray ruled out cardiopulmonary disease. ECF No. 13-4 at 10. The record does not contain an x-ray report of Selvin's ribs taken on July 4, 2023; July 6, 2023; or any close date.

[3] Section 1983 provides that a plaintiff may file suit against a person who, acting under color of state law, subjects the plaintiff "to the deprivation of any rights, privileges, or immunities secured by" the U.S. Constitution or federal law. 42 U.S.C. § 1983. A person acts under color of state law "when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (citation omitted). Private prison health care providers may be liable under § 1983 when operating under color of state law. *See*, *e.g.*, *West v. Atkins*, 487 U.S. 42, 49 (1988).

On July 16, 2023, on Selvin's request, the results of an x-ray were discussed with him by a nurse practitioner and then muscle rub was provided as treatment by Defendant Offorji, as directed by the nurse practitioner. ECF No. 13-3 at 22–25; ECF No. 13-2 at ¶¶ 5-6. The minimal information contained in both Offorji's declaration and the medical record provided to the Court, as compared to Selvin's allegations, leaves unclear the identity of the nurse practitioner and what x-ray was discussed with Selvin on July 16, 2023.

On July 23, 2023, Selvin saw NP Kallon, who claims to have reviewed a "left rib cage image" report and noted that Selvin was "negative for abnormality" and was in no apparent distress. ECF No. 13-3 at 19. But the record does not contain a left rib cage x-ray report, let alone one that shows Selvin was "negative for abnormality." It remains unclear what x-ray report Kallon reviewed on July 23, 2023.

A subsequent medical note dated August 4, 2023, references an x-ray report generated on July 11, 2023, showing that Selvin had non-displaced fractures of ribs 9 and 10. *Id.* at 13. Although Selvin had been complaining for weeks about pain in his ribs resulting from a fall, and an x-ray was ordered to diagnose any injury, the results of the July 11, 2023, x-ray of Selvin's ribs showing he had rib fractures appears to have been overlooked by medical providers until August 4, 2023.

The medical records attached to the Motion are inconsistent or incomplete as to what x-rays were taken and reviewed by medical providers. In a footnote, Counsel recognizes the discrepancy or gap in the medical records and states that Kallon must have discussed the chest x-ray report with Selvin, instead of the x-ray report of his ribs. ECF No. 13-1 at 3 n.3. Counsel further states, "on August 4, 2023, NP Cynthia Okonkwo noted that an x-ray report generated on

7/11/23 showed 'non displaced fractures of ribs 9 and 10[,]'" and "[n]o x-ray report from 7/11/23 could be found in the medical records, however." *Id.*

The absence of the July 11, 2023, x-ray report is concerning. Counsel does not provide an affidavit or declaration from a records custodian regarding the existence of this record and does not identify any witness who attests to the absence of the record. The certification filed with the medical records specifically states, "We utilize an Electronic Health Record for care of our incarcerated individuals. Not all documents print. If you are missing anything that pertains to the care of this incarcerated individual, please contact the Medical Records staff directly [by phone]." ECF No. 13-3 at 1. The Court has no information as to whether counsel attempted to locate the missing record.

As the Court must, it draws all reasonable inferences in favor of Selvin. The record presently before the Court supports a reasonable inference that on July 11, 2023, when an x-ray of Selvin's ribs was taken, the medical department became aware that Selvin had fractures of ribs 9 and 10 but failed to communicate the diagnosis to Selvin and failed to provide treatment. It was not until August 4, 2023—after Selvin reported he was vomiting blood every day for the prior two weeks, was experiencing throbbing pain to his left rib cage, and intermittent dizziness—that the x-ray report was discovered, and Selvin was transported to the hospital for emergency care. *Id.* at 10.

Given the deficiencies noted in the record, the Court cannot discern what role Defendants Hargraves and Offorji may have played in the events that transpired. For example, there is no information presented as to what Hargraves's duties are, only what they are not. ECF No. 13-5 at 1–3. Defendants also do not explain the protocol for ordering x-rays, tracking results, transmitting results to the patient and health care staff, and ensuring that medical providers review this

information before providing care. From the record presented, the Court cannot discern who knew or should have known that Selvin had fractured ribs that required treatment, failed to communicate this information to Selvin, and failed provide or facilitate necessary treatment. Accordingly, Hargraves's and Offorji's Motion will be denied without prejudice.

**C. Appointment of Counsel**

Given that Selvin has stated a claim for relief against Offorji and Hargrave, the procedural issues with effectuating service on Defendants Kallon and Lee, the inconsistent and missing information in the medical records, and the need for discovery, the Court has assessed the need for Selvin to be appointed counsel. The Court has previously granted Selvin's motion to proceed in forma pauperis. ECF No. 8. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "[D]istrict courts have discretion to appoint counsel in civil cases and abuse that discretion by declining to do so where the case of an indigent person presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (citation and quotations omitted). Exceptional circumstances exist if (1) the plaintiff has a "colorable claim" and, (2) considering the claim's objective complexity and his subjective abilities, plaintiff "lacks the capacity to present it." *Id.* (citation and quotations omitted).

The Court finds that the instant case presents exceptional circumstances. Selvin amply describes a serious medical injury followed by misdiagnosis and a significant delay in treatment. Issues remain regarding service on two of the named Defendants, and discovery will be necessary to determine if additional Defendants should be named and to obtain further information pertaining to Selvin's medical diagnosis and treatment. Thus, the exceptional circumstances of this case warrant the appointment of an attorney to represent Selvin under § 1915(e)(1).

## IV. CONCLUSION

For the foregoing reasons, Defendants Hargraves's and Offorji's Motion to Dismiss is denied, and their Motion for Summary Judgment is denied without prejudice. Counsel will be appointed to represent Selvin in these proceedings. A separate Order follows.

12/30/24
Date

/S/
Matthew J. Maddox
United States District Judge